# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60198
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AUSTIN W. FRAZIER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CR-81

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Austin W. Frazier appeals the 51-month sentence imposed on his guilty plea conviction for conspiracy to commit bank fraud, mail fraud, and wire fraud. *See* 18 U.S.C. §§ 371, 1341, 1343, 1344. We affirm.

We reject Frazier's claim that it was clear error to apply the two-level sophisticated means enhancement of U.S.S.G. § 2B1.1(b)(10)(C) to his offense level. *See United States v. Conner*, 537 F.3d 480, 492 (5th Cir. 2008); *United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

14-60198

*States v. Clements*, 73 F.3d 1330, 1340 (5th Cir. 1996).  Guidelines commentary defines the term *sophisticated means* as involving "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense."  § 2B1.1, comment. (n.9(B)).  The instant case involved the use of sophisticated means in both the execution and the concealment of the offenses, including extensive planning and obscuring of the truth in deceitfully moving assets from one entity to another and to unauthorized personal use.

Frazier knowingly made false statements to lenders about how borrowed funds were used and to a construction surety company about the status of construction projects.  He used forged signatures, including on architectural plans and subcontractors' releases, to obtain funds from the surety.  In addition he and a brother diverted funds to the brother's personal account and then into accounts of fictitious or shell entities.  These are a few examples of Frazier's complex activities and acts of omission that easily meet the standard for application of the enhancement.  *See, e.g.*, *Conner*, 537 F.3d at 492; *Clements*, 73 F.3d at 1340.

Because we are not "left with the definite and firm conviction that a mistake has been committed" by the district court, we find no clear error. *Clements*, 73 F.3d at 1340.  Consequently, we do not disturb the judgment.  *Id.*

AFFIRMED.

2